UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY and HMO LOUISIANA, INC.,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**CENTER FOR RESTORATIVE BREAST SURGERY, LLC and ST. CHARLES SURGICAL HOSPITAL, LLC**<br><br>*Defendants.* | **CIVIL ACTION NO. 17-4171**<br><br><br>**JUDGE**<br><br><br>**MAGISTRATE JUDGE** |

## COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

Plaintiffs, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana and HMO Louisiana, Inc., allege as follows:

### PARTIES

1.

Plaintiff, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana ("BCBSLA"), is a Louisiana corporation with its principal place of business in Baton Rouge, Louisiana.

2.

Plaintiff, HMO Louisiana, Inc. ("HMOLA"), is a wholly owned subsidiary of BCBSLA and a Louisiana corporation with its principal place of business in Baton Rouge, Louisiana.

1

{N3404779.1}

3.

Defendant, Center for Restorative Breast Surgery, L.L.C. ("CRBS"), is a Louisiana limited liability company with its principal place of business in New Orleans, Louisiana.

4.

Defendant, St. Charles Surgical Hospital, L.L.C. ("SCSH"), is a Louisiana limited liability company with its principal place of business in New Orleans, Louisiana.

## JURISDICTION AND VENUE

5.

As an action to enjoin the relitigation of an earlier case under the All Writs Act, 28 U.S.C. § 1651, and the Anti–Injunction Act, 28 U.S.C. § 2283, jurisdiction is based on the original case in this Court styled *Center for Restorative Breast Surgery, LLC, et al. v. Blue Cross Blue Shield of Louisiana, et al.*, bearing Docket No. 2:11-cv-00806-SM-MBN. *See Regions Bank of La. v. Rivet*, 224 F.3d 483, 493 (5th Cir. 2000). For the same reason, venue is proper in this Court because it decided the earlier case.

## BACKGROUND

6.

On April 12, 2011, BCBSLA removed to this Court from the Civil District Court for the Parish of Orleans, State of Louisiana, the matter styled *The Center for Restorative Breast Surgery, LLC and St. Charles Surgical Hospital v. Blue Cross Blue Shield of Louisiana & Blue Cross Blue Shield of Minnesota*, bearing state court Docket No. 10-3356. As mentioned above, this action took Docket No. 2:11-cv-00806 in this Court upon removal ("Original Litigation").

7.

After multiple rounds of Rule 12 motion practice, the Court allowed CRBS and SCSH to file a Fifth Amended Complaint ("5AC") in the Original Litigation. The 5AC named both CRBS and SCSH as plaintiffs and BCBSLA as a defendant. Additionally, CRBS and SCSH stated that any allegation against BCBSLA, as a named defendant, included allegations against its "subsidiaries or affiliates," such as HMOLA.

8.

The 5AC also made use of an electronic spreadsheet, commonly referred to as "Exhibit 1," which identified the individual patient transactions giving rise to the allegations in the 5AC. The most recent version of "Exhibit 1" was filed in the Original Litigation on January 27, 2017.

9.

The 5AC included eight counts, four of which related to ERISA. The remaining four counts were described as the "State Law Causes of Action" and included "Detrimental Reliance," "Breach of Contract(s)," "Negligent Misrepresentation(s)," and "Fraud." In the course of the Original Litigation, each of these causes of action was dismissed with prejudice.

10.

On March 31, 2017, having disposed of all claims in the Original Litigation, the Court entered a final judgment in favor of all defendants, including BCBSLA.

11.

Despite this, CRBS and SCSH filed a new lawsuit on February 3, 2017, in the Civil District Court for the Parish of Orleans, State of Louisiana, styled *St. Charles Surgical Hospital, LLC, et al. v. Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana*, bearing Docket No. 2017-01095 (the "State Court Litigation"). The State Court

Litigation names as defendants BCBSLA and HMOLA, as well as a non-existent entity, "Blue Cross and Blue Shield of Louisiana, Inc."

12.

The causes of action in the State Court Litigation are identical to the causes of action pleaded in the Original Litigation—all of which this Court has dismissed. Indeed, the State Court Litigation makes virtually identical allegations concerning the purported verifications made by CRBS and SCSH before treating patients with insurance from BCBSLA and HMOLA.

13.

At issue in the State Court Litigation are claims related to CRBS and SCSH's provision of "medical care to customers of [BCBSLA and HMOLA] from 2009 through the present[.]" For each of these patient transactions, CRBS and SCSH allege that they verified the patient's coverage (and payment terms available under that coverage) with BCBSLA or HMOLA. CRBS and SCSH further allege that these verifications were performed either through phone calls or using BCBSLA's iLinkBLUE web portal. This Court considered iLinkBLUE on multiple occasions in the Original Litigation.

14.

Thus, CRBS and SCSH sued BCBSLA and HMOLA under the same four state law theories previously decided by this Court in the Original Litigation:

- breach of contract, previously Count VI of the 5AC;
- detrimental reliance, previously Count V of the 5AC;
- fraud, previously Count VII of the 5AC; and
- negligent misrepresentation, previously Count VIII of the 5AC.

15.

In other words, the same plaintiffs that unsuccessfully sought to recover from BCBSLA (and HMOLA) under four separate state law causes of action in the Original Litigation now bring a second lawsuit in State Court alleging the same legal theories against the same defendants—BCBSLA and HMOLA.

16.

After the State Court Litigation was filed, BCBSLA and HMOLA had a responsive pleading deadline of April 6, 2017, in that action.

17.

On that day, BCBSLA and HMOLA filed a Motion for Preliminary and Permanent Injunctive Relief Pursuant to 28 U.S.C. § 2283 ("Motion for Injunctive Relief") in the Original Litigation. This motion was meant to stop CRBS and SCSH from relitigating a case finally decided by this Court. Counsel for BCBSLA and HMOLA emailed copies of the motion and its attachments to counsel for CRBS and SCSH concurrently with the filing.

18.

The following day on April 7, 2017, CRBS and SCSH filed for and obtained a preliminary default against BCBSLA and HMOLA in the State Court Litigation.

19.

In response to CRBS and SCSH's preliminary default, and to avoid confirmation of that default, BCBSLA and HMOLA filed an answer in the State Court Litigation on April 10, 2017, including a full reservation of rights as to this Court's determination of the pending Motion for Injunctive Relief. BCBSLA and HMOLA then filed this answer and CRBS and SCSH's

preliminary default materials into the record in the Original Litigation to keep the Court apprised of events in the State Court Litigation.

20.

On April 12, 2017, CRBS and SCSH filed an ex parte motion to amend their petition in the State Court Litigation. This motion was filed into the record in the Original Litigation as an attachment to CRBS and SCSH's opposition to the Motion for Injunctive Relief. Although the motion to amend was filed ex parte with a proposed order (in violation of state court rules), BCBSLA and HMOLA succeeded in having the matter set for hearing. The hearing on the motion to amend is now set for May 12, 2017.

21.

On April 24, 2017, the Court granted leave for BCBSLA and HMOLA to file a reply in support of their Motion for Injunctive Relief in the Original Litigation. With the Clerk's docketing of that reply the same day, briefing was completed on the Motion for Injunctive Relief.

22.

Previously, on April 21, 2017, the Court sent an email to all counsel of record in the Original Litigation indicating its belief that the proper way for BCBSLA and HMOLA to proceed with their Motion for Injunctive Relief was to file a new action before the Court and docket the motion there.

23.

Thus, on April 28, 2017, BCBSLA and HMOLA filed the instant action to bring their Motion for Injunctive Relief before the Court in a new lawsuit. Contemporaneous with this filing, BCBSLA and HMOLA moved for all materials filed in connection with the Motion for

Injunctive Relief in the Original Litigation to be filed into the record in this action. Once the Motion for Injunctive Relief is docketed here, BCBSLA and HMOLA will withdraw the motion in the Original Litigation.

## PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

24.

The relitigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283, was designed to permit a federal court to prevent state court relitigation of an issue that was presented to and decided by the federal court previously. It is founded in the well-recognized concepts of res judicata and collateral estoppel.

### *Relitigation Exception – Res Judicata*

25.

As to res judicata, there is a four-part test to determine whether the relitigation exception precludes litigation of a claim in state court. These four elements are:

(1) parties in the later action must be identical to or in privity with the parties in the previous action;

(2) judgment in the prior action must have been rendered by a court of competent jurisdiction;

(3) the prior action must have concluded with a final judgment on the merits; and

(4) the same claim or cause of action must be involved in both suits.

26.

Regarding the first element, the parties to the State Court Litigation are identical to the parties bound by this Court's judgment in the Original Litigation. In both cases, the two plaintiffs are CRBS and SCSH. In both cases, BCBSLA is the lead defendant. While the State Court Litigation also names HMOLA, a wholly-owned subsidiary of BCBSLA, there is no functional

7

{N3404779.1}

difference as CRBS and SCSH sought to capture HMOLA in the Original Litigation by including BCBSLA's "subsidiaries and affiliates." In addition, claims in the Original Litigation relating to patients who were members of policies administered by HMOLA were actually litigated without regard to any distinction between BCBSLA and HMOLA. For example, bellwether patients U.A. and S.M. had health policies administered by HMOLA.

27.

As to the second element, this Court was a court "of competent jurisdiction" in rendering judgment in the Original Litigation. That case was removed pursuant to ERISA due to CRBS and SCSH's allegations that they were assignees of their patients' rights under ERISA plans. These ERISA issues were thoroughly litigated over the course of six-plus years and addressed in multiple rulings. On the eve of the bellwether trial, CRBS and SCSH dismissed their remaining ERISA claims. However, by that time, the Court's supplemental jurisdiction over the remaining state law claims was firmly entrenched. As a result, this Court had jurisdiction to rule on the claims before it and to enter final judgment in the Original Litigation on March 31, 2017.

28.

As to the third element, the March 31, 2017 Judgment in the Original Litigation was a "final judgment on the merits." A final judgment is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Given that the March 31, 2017 Judgment achieved this effect, it is a "final judgment on the merits."

29.

As to the fourth and final element, whether "the same claim or cause of action" is at issue in both suits, CRBS and SCSH assert in the State Court Litigation the same four state law causes of action they asserted in the Original Litigation: detrimental reliance, breach of contract,

negligent misrepresentation, and fraud. These causes of action cover the same time period—2009 to present—that was at issue in the Original Litigation. And, these causes of action are alleged to arise out of the same kinds of transactions—efforts by CRBS and SCSH to verify through phone calls and iLinkBLUE the health benefits available under their patients' plans. Not only are the same causes of action at issue, but the same patients, same treatments, same dates of service, and same verification efforts are also at issue. In other words, the same facts are alleged in both proceedings.

30.

With the res judicata elements satisfied, the relitigation exception applies and mandates that this Court enjoin the State Court Litigation to prevent CRBS and SCSH from relitigating the Original Litigation.

*Relitigation Exception – Collateral Estoppel*

31.

Apart from relying on res judicata, the relitigation exception also applies where issue preclusion, or collateral estoppel, exists. Because collateral estoppel is present here, and because the issues actually decided by this Court in the Original Litigation negate essential elements of CRBS and SCSH's claims in the State Court Litigation, the relitigation exception requires injunctive relief on this second ground.

32.

Collateral estoppel exists where: (1) the issue at stake is identical to the one involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination of the issue in the prior action was a necessary part of the judgment in that earlier action; and (4) the legal standard used to assess the issue is the same in both proceedings.

33.

*Breach of Contract* – CRBS and SCSH assert in the State Court Litigation, just as they did in the Original Litigation, that BCBSLA's representations on verification calls and in iLinkBLUE created contracts between the parties. This issue was actually litigated in BCBSLA's Second Motion for Partial Summary Judgment in the Original Litigation under the same Louisiana law of contract now asserted in the State Court Litigation. To this end, the Court ruled that the evidence generated by CRBS and SCSH's business practices, concerning "the alleged surgeries [CRBS and SCSH] performed as well as the letters and inquiries [CRBS and SCSH] sent to [BCBSLA,] [wa]s insufficient" to establish any contracts between the parties. Thus, without valid contracts, there could be no breach of contract. The finding on this issue was a necessary part of the order dismissing CRBS and SCSH's contract claims in the Original Litigation. Thus, even if the underlying healthcare claims were different, the issue of contract formation (derived from the parties' business practices) is still the same in the State Court Litigation. CRBS and SCSH should therefore be enjoined from relitigating their breach of contract claim in that proceeding.

34.

*Detrimental Reliance* – Just as they did in the Original Litigation, CRBS and SCSH assert in the State Court Litigation that they detrimentally relied on benefit representations that BCBSLA made on verification calls and through iLinkBLUE. This issue was actually litigated in the Original Litigation in BCBSLA's Third Motion for Partial Summary Judgment under the same Louisiana law now asserted in the State Court Litigation. As to iLinkBLUE, this Court ruled in the Original Litigation that "[BCBSLA] made no promise to pay a certain amount for services rendered by [CRBS and SCSH] on iLinkBLUE, as the verification page contains no

claim-specific payment information." As to the verification calls, CRBS and SCSH admitted, as a matter of course, that BCBSLA plays disclaimers "at the beginning of each verification call," and thus the Court found that reliance on representations made during the calls was "unreasonable." As a result, without viable representations from iLinkBLUE, and without reasonable reliance on representations from verification calls, CRBS and SCSH could not detrimentally rely on the same. The finding on this issue was a necessary part of the Court's order dismissing CRBS and SCSH's detrimental reliance claim in the Original Litigation. So, even if the underlying healthcare claims were different, the issue of reasonable reliance is the same in the State Court Litigation because the same business practices (*i.e.*, the playing of disclaimers and the format of iLinkBLUE) are at issue there. CRBS and SCSH should therefore be enjoined from relitigating their detrimental reliance claim in the State Court Litigation.

35.

*Negligent Misrepresentation* – CRBS and SCSH assert in the State Court Litigation, just as they did in the Original Litigation, that BCBSLA negligently misrepresented benefit amounts during verification calls and through iLinkBLUE. This issue was litigated in the Original Litigation in BCBSLA's Third and Fourth Motions for Summary Judgment under the same Louisiana law now asserted in the State Court Litigation. After considering testimony from CRBS and SCSH's owners that representations made during verification calls had no effect on treatment decisions (for all patients), this Court found that the alleged misrepresentations could not be the cause-in-fact of CRBS and SCSH's claimed damages. Additionally, considering evidence that CRBS and SCSH did not ask BCBSLA for the "allowable amount" during verification calls (as a standard practice), the Court also held that "[p]roviding the allowable amount was not within the scope of [BCBSLA's] duty" and thus CRBS and SCSH could not

11

establish legal causation for their claimed injuries. Finally, this Court found that iLinkBLUE summaries do not contain an "allowable amount" and therefore could not cause any misrepresentation as to the same. Accordingly, without factual or legal causation, CRBS and SCSH lacked an essential element of their claim. The finding on this issue was a necessary part of the Court's order dismissing CRBS and SCSH's negligent misrepresentation claim in the Original Litigation. So, even if the underlying healthcare claims were different, the issue of absent causation is the same in the State Court Litigation because the same business practices (*i.e.*, verifications not affecting treatment decisions, never asking for "allowable amounts" during verification calls, and iLinkBLUE not displaying any "allowable amount") are at issue there. CRBS and SCSH should therefore be enjoined from relitigating their negligent misrepresentation claim in the State Court Litigation.

36.

*Fraud* – CRBS and SCSH assert in the State Court Litigation, just as they did in the Original Litigation, that BCBSLA fraudulently misrepresented benefit amounts during verification calls. While CRBS and SCSH voluntarily dismissed their fraud claim with prejudice in the Original Litigation, the Court nonetheless went on to find that certain elements of fraud were lacking. Under Louisiana law, fraud requires, *inter alia*, a misrepresentation that causes a loss. These particular elements—a misrepresentation and causation—are also required to state a claim for negligent misrepresentation. To this end, because the Court already determined that (A) the misrepresentations alleged by CRBS and SCSH did not cause their alleged damages, and (B) no misrepresentations actually occurred as a result of BCBSLA not providing the "allowable amount," these elements are also negated for CRBS and SCSH's fraud claim in the State Court Litigation. Thus, even if the underlying healthcare claims were different, the absence of a

misrepresentation causing damages is the same in both this matter and the State Court Litigation because the same business practices are at issue in both. CRBS and SCSH should therefore be enjoined from prosecuting the fraud claim in the State Court Litigation because collateral estoppel negates essential elements.

### *Injunctive Relief: Other Showings*

37.

Satisfaction of the equitable factors typically associated with injunctive relief, such as irreparable harm or lack of alternative remedies, is not required to obtain an injunction under the relitigation exception of the Anti-Injunction Act. Rather, demonstrating that the state court litigation concerns an issue decided by a federal court is sufficient to enjoin further litigation. Thus, in light of the above allegations, BCBSLA and HMOLA request that this Court preliminarily and permanently enjoin the State Court Litigation from proceeding.

### **PRAYER**

38.

Plaintiffs, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana and HMO Louisiana, Inc., pray that after due proceedings are had the Court enter a judgment in their favor and against Defendants, Center for Restorative Breast Surgery, LLC and St. Charles Surgical Hospital, LLC, providing that:

(1) the Civil District Court for the Parish of Orleans, State of Louisiana, is preliminarily and permanently enjoined from proceeding with the action styled *St. Charles Surgical Hospital, LLC, et al. v. Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana*, bearing Docket No. 2017-01095;

(2) Defendants, Center for Restorative Breast Surgery, LLC and St. Charles Surgical Hospital, LLC, are preliminarily and permanently enjoined from prosecuting the claims raised in the State Court Litigation (bearing Docket No. 2017-01095), whether in the Civil District Court for the Parish of Orleans, State of Louisiana, or any other venue; and

(3) Plaintiffs, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana and HMO Louisiana, Inc., receive all other relief to which they may be entitled in law and equity.

    Respectfully submitted,

*/s/ Tyler J. Rench*
RICHARD J. TYLER (#1155)
COVERT J. GEARY (#14280)
MICHAEL C. DREW (#30884)
TYLER J. RENCH (#34049)
Jones Walker LLP
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70170
Telephone: (504) 582-8336
Facsimile: (504) 589-8336
rtyler@joneswalker.com
cgeary@joneswalker.com
mdrew@joneswalker.com
trench@joneswalker.com

**Attorneys for Defendant Louisiana Health Service & Indemnity Co. d/b/a Blue Cross and Blue Shield of Louisiana, as well as its wholly-owned subsidiary, HMO Louisiana, Inc.**

**REQUESTS FOR SUMMONS HAVE BEEN FILED SEPARATELY FOR:**

| | |
|---|---|
| Center for Restorative Breast Surgery, L.L.C.<br>Through registered agent,<br>David R. Sherman, Esq.<br>One Galleria Blvd., Ste. 1100<br>Metairie, Louisiana 70001 | St. Charles Surgical Hospital, L.L.C.<br>Through registered agent,<br>David R. Sherman, Esq.<br>One Galleria Blvd., Ste. 1100<br>Metairie, Louisiana 70001 |

{N3404779.1}